UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
(TAMPA DIVISION)

| | |
|---|---|
| GEOFFREY CREEKMORE, Plaintiff, | |
| | Civil Action No. |
| v. | COMPLAINT AND DEMAND FOR JURY TRIAL |
| CASHCALL, INC.., a foreign corporation; NATIONAL CREDIT ADJUSTERS, LLC, a foreign corporation; UNKNOWN AGENT OF NATIONAL CREDIT ADJUSTERS, LLC; and AGENT[S] OF NATIONAL CREDIT ADJUSTERS, LLC Defendants. | (Unlawful Debt Collection Practices) |

## VERIFIED COMPLAINT

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), the Florida Consumer Collection Practices Act, § 559.55-559.785 Florida Statutes ("hereinafter "FCCPA") and for Common Law Invasion of Privacy by Intrusion.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

*III. PARTIES*

3. Plaintiff, GEOFFREY CREEKMORE, is a natural person residing in Polk County, Florida and is a consumer as defined by 15 U.S.C. §1692a(3) and §559.55(2) Florida Statutes.

4. Defendant, CASHCALL, INC. ("CASHCALL"), is a California business engaged in the business of offering or extending credit to citizens of Florida, creating a debt. Upon information and belief, CASHCALL is also in the business of regularly lending and collecting debts using the mails and telephone, and Defendant regularly attempts to collect debts.

5. Defendant, NATIONAL CREDIT ADJUSTERS, LLC ("NCA"), is a creditor engaged in the business of providing credit in Florida with its principal place of business located in California. Upon information and belief, NCA is also in the business of collecting debts using the mails and telephone, and Defendant regularly attempts to collect debts.

6. Defendant, UNKNOWN AGENT OF NATIONAL CREDIT ADJUSTERS, LLC, is a debt collector engaged in the business of collecting debts in Florida. 15 U.S.C. 1692a(6) and § 559.55(6) Florida Statutes. The principal purpose of UNKNOWN AGENT OF NATIONAL CREDIT ADJUSTERS, LLC, is the collection of debts using the mails and telephone, and UNKNOWN AGENT OF NATIONAL CREDIT ADJUSTERS, LLC, regularly attempts to collect debts alleged to be due another.

7. At all times relevant, UNKNOWN AGENT OF NATIONAL CREDIT ADJUSTERS, LLC acted as an agent of and debt collector for NCA. 15 U.S.C. 1692a(6) and § 559.55(6) Florida Statutes.

8. Defendant[s] known as AGENT[S] OF NATIONAL CREDIT ADJUSTERS, LLC ("NCA's Agents") are as yet unknown natural persons and business entities who acted as agents of Defendant, NCA, as debt collectors at all times relevant to this complaint. 15 U.S.C. 1692a(6) and § 559.55(6) Florida Statutes.

9. Defendant CASHCALL is a "creditor" as defined by the FCCPA, Section §559.55 (2013).

10. Defendants, NCA, UNKNOWN AGENT OF NATIONAL CREDIT ADJUSTERS, LLC and NCA's agents, are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6) and the FCCPA, §559.55 Florida Statutes.

## IV. FACTUAL ALLEGATIONS

11. In early 2013, I made a telephone call to obtain a $1,000 loan in response to an advertisement by an entity identifying itself as Western Sky. Immediately afterward, I was contacted by CASH CALL by telephone and was talked into a $2600.00 loan.

12. On or around February 1, 2013, I agreed to the loan and to payments of $234.00 over the next 2 years.

13. On February 5, 2013, $2575.00 was deposited into my bank account.

14. I am the only person to apply for this loan, my wife did not.

15. I had to provide references for the loan application and also had to give my work phone number.

16. In early April, 2013, my personal checking account was closed with Mid-Florida Federal Credit Union.

17. At about the same time, I contacted Greenpath Debt Solutions to manage my debt.

18. On April 5, 2013, my Mid-Florida savings account was debited $294.46 to CASH CALL.

19. As a result of the debit by CASH CALL I did not have the funds to pay Greenpath and the payment to them was declined and resulted in an overdraft fee.

20. I informed Mid-Florida that I had intended to pay the debt through Greenpath and Mid-Florida agreed to stop payment on any future attempts by CASH CALL to debit my Mid-Florida savings account.

21. Greenpath sent a proposal to CASH CALL to pay $27.00 per month. The proposal was rejected.

22. CASH CALL then began calling my cell phone 6-8 times a day, as the payments were late. I told them I was working with a debt management company and they informed me that they did not deal with them.

23. I also informed CASH CALL that they were not to call my office phone and that it would affect my job security.

24. On or about mid- to late-September, 2013, I received correspondence from NCA dated September 17, 2013 indicating that "NCA now own[ed] the account [I] created with CashCall, Inc."

25. On Thursday, October 24, 2013, I received several messages on my personal telephone from a blocked phone number. A woman left three (3) voice messages stating that she was from American Locating Service and was trying to serve me

for check fraud. She said because she couldn't reach me, she would call my employer and attempt to serve me at work.

26. I immediately called the Polk County Clerk of Courts, the State Attorney's Office for the 10th Judicial Circuit and even the Polk County Sheriff's Office to discover that I did not have an open collections case in Polk County.

27. As of the date of filing this lawsuit I am not familiar with any civil suit filed against me by any person or entity named herein.

28. That same day (October 24, 2013), a message was left on my work voicemail by the same person who had left voicemail messages on my personal voicemail. This voicemail system is and was generally accessible by my superiors and coworkers at the University of Florida, Institute of Food and Agricultural Sciences, Citrus Research and Education Center in Lake Alfred, FL.

29. That voice mail was an effort to reach my boss for the purpose of debt collection.

30. Shortly thereafter, I received a call from my 68 year old mother in Michigan telling me that the same woman had called her. She gave a phone number for my Mom to pass onto me and told her if I didn't call I was going to be served a summons at work for check fraud.

31. Later that afternoon, my boss called me into his office. He played a voicemail that he had received from the same woman. She claimed to be from the "Polk County Summons Division."

32. The message indicated that she wanted permission from my boss to come to my work and serve me a summons for check fraud. He did not return the call. However, he did inform me that since this had never happened to him before that

he had called the University of Florida Human Relations office in Gainesville and told them what happened.

33. The Human Relations office suggested my boss contact Human Resources at our Lake Alfred campus, which he did.

34. My boss has also discussed this issue on several occasions with myself and others.

35. In October and November, 2013, I called the number which was left in the voice mail. They told me it was in reference to the loan I took out with Western Sky.

36. In addition to the calls for me, the same woman has also called my wife. She left a message with my wife saying that my wife was also going to be served at her place of employment for check fraud.

37. Calls of a similar nature continue through the date of the filing of this action.

## *V. CAUSES OF ACTION*

## *COUNT I - FAIR DEBT COLLECTION PRACTICES ACT*

38. Plaintiff repeats, realleges and incorporates by reference the Factual Allegations.

39. Defendants, CASHCALL, NCA, UNKNOWN AGENT OF NCA and NCA's agents, violated 15 U.S.C. 1692b(1) by failing to properly identify themselves when they contacted Plaintiff's family and coworkers.

40. Defendants, CASHCALL, NCA, UNKNOWN AGENT OF NCA and NCA's agents, violated 15 U.S.C. 1692b(1) when they failed to state that they were either confirming or correcting location information of Plaintiff.

41. Defendants, CASHCALL, NCA, UNKNOWN AGENT OF NCA and NCA's agents, violated 15 U.S.C. 1692b(2) when they notified Plaintiff's family and coworkers that he owed a debt.

42. Defendants, CASHCALL, NCA, UNKNOWN AGENT OF NCA and NCA's agents, violated 15 U.S.C. 1692b(2) when they repeatedly contacted Plaintiff's family and coworkers.

43. Defendants, CASHCALL, NCA, UNKNOWN AGENT OF NCA and NCA's agents, violated 15 U.S.C. 1692c(a)(3) by calling Plaintiff's place of employment after being told that it was prohibited and that it would affect Plaintiff's job security.

44. Defendants, CASHCALL, NCA, UNKNOWN AGENT OF NCA and NCA's agents, violated 15 U.S.C. 1692c(b) when they informed Plaintiff's family and coworkers of Plaintiff's consumer debt.

45. Defendants, CASHCALL, NCA, UNKNOWN AGENT OF NCA and NCA's agents, violated 15 U.S.C. 1692d, as the natural consequence of their actions were to harass, oppress and abuse not only Plaintiff but his family and coworkers.

46. Defendants, CASHCALL, NCA, UNKNOWN AGENT OF NCA and NCA's agents, violated 15 U.S.C. 1692 d(5) where they caused Plaintiff's work telephone to ring repeatedly and engaged Plaintiff and his family and coworkers in repeated telephone conversations.

47. Defendants, CASHCALL, NCA, UNKNOWN AGENT OF NCA and NCA's agents, violated 15 U.S.C. 1692 e where their representations regarding Plaintiff's consumer debt, particularly the existence of a lawsuit and their qualifications and intent to issue legal process were false, deceptive and misleading.

48. Defendants, CASHCALL, NCA, UNKNOWN AGENT OF NCA and NCA's agents, violated 15 U.S.C. 1692 e(2) where they represented the consumer debt as

having been reduced to a judgment when in fact Defendants, PRA and agents of PRA had not initiated suit, had no standing to initiate suit and were not qualified to effect service of legal process.

49. Defendants, CASHCALL, NCA, UNKNOWN AGENT OF NCA and NCA's agents, violated 15 U.S.C. 1692e(5) by threatening to initiate legal action that they could not legally take and which they had no intention of taking.

50. Defendants, CASHCALL, NCA, UNKNOWN AGENT OF NCA and NCA's agents, violated 15 U.S.C. 1692e(10) by using the aforementioned false and deceptive means regarding the fictional lawsuit and service of process to collect from Plaintiff or obtain information about Plaintiff from his family and coworkers.

51. Defendants, CASHCALL, NCA, UNKNOWN AGENT OF NCA and NCA's agents, violated 15 U.S.C. 1692f where the means described in the Factual Allegations were unfair and unconscionable.

52. As a result of the above violations of the FDCPA, Plaintiff has been damaged and the Defendants, CASHCALL, NCA, UNKNOWN AGENT OF NCA and NCA's agents, are liable to the Plaintiff for declaratory judgment that defendants' conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, costs and attorney fees.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendants for the following:

    A. Actual damages;

    B. Statutory damages; and

   C. Costs and reasonable attorney fees.

**COUNT II – FAIR DEBT COLLECTION PRACTICES ACT (Alternatively)**

53. Plaintiff repeats, realleges and incorporates by reference the foregoing Factual Allegations and allegations under prior Counts.

54. Defendants, NCA, UNKNOWN AGENT OF NCA and NCA's agents, violated 15 U.S.C. 1692b(1) by failing to properly identify themselves when they contacted Plaintiff's family and coworkers.

55. Defendants, NCA, UNKNOWN AGENT OF NCA and NCA's agents, violated 15 U.S.C. 1692b(1) when they failed to state that they were either confirming or correcting location information of Plaintiff.

56. Defendants, NCA, UNKNOWN AGENT OF NCA and NCA's agents, violated 15 U.S.C. 1692b(2) when they notified Plaintiff's family and coworkers that he owed a debt.

57. Defendants, CASHCALL, NCA, UNKNOWN AGENT OF NCA and NCA's agents, violated 15 U.S.C. 1692b(2) when they repeatedly contacted Plaintiff's family and coworkers.

58. Defendants, NCA, UNKNOWN AGENT OF NCA and NCA's agents, violated 15 U.S.C. 1692c(a)(3) by calling Plaintiff's place of employment after being told that it was prohibited and that it would affect Plaintiff's job security.

59. Defendants, NCA, UNKNOWN AGENT OF NCA and NCA's agents, violated 15 U.S.C. 1692c(b) when they informed Plaintiff's family and coworkers of Plaintiff's consumer debt.

60. Defendants, NCA, UNKNOWN AGENT OF NCA and NCA's agents, violated 15 U.S.C. 1692d, as the natural consequence of their actions were to harass, oppress and abuse not only Plaintiff but his family and coworkers.

61. Defendants, NCA, UNKNOWN AGENT OF NCA and NCA's agents, violated 15 U.S.C. 1692 d(5) where they caused Plaintiff's work telephone to ring repeatedly and engaged Plaintiff and his family and coworkers in repeated telephone conversations.

62. Defendants, NCA, UNKNOWN AGENT OF NCA and NCA's agents, violated 15 U.S.C. 1692 e where their representations regarding Plaintiff's consumer debt, particularly the existence of a lawsuit and their qualifications and intent to issue legal process were false, deceptive and misleading.

63. Defendants, NCA, UNKNOWN AGENT OF NCA and NCA's agents, violated 15 U.S.C. 1692 e(2) where they represented the consumer debt as having been reduced to a judgment when in fact Defendants had not initiated suit, had no standing to initiate suit and were not qualified to effect service of legal process.

64. Defendants, NCA, UNKNOWN AGENT OF NCA and NCA's agents, violated 15 U.S.C. 1692e(5) by threatening to initiate legal action that they could not legally take and which they had no intention of taking.

65. Defendants, NCA, UNKNOWN AGENT OF NCA and NCA's agents, violated 15 U.S.C. 1692e(10) by using the aforementioned false and deceptive means regarding the fictional lawsuit and service of process to collect from Plaintiff or obtain information about Plaintiff from his family and coworkers.

66. Defendants, NCA, UNKNOWN AGENT OF NCA and NCA's agents, violated 15 U.S.C. 1692f where the means described in the Factual Allegations were unfair and unconscionable.

67. As a result of the above violations of the FDCPA, Plaintiff has been damaged and the Defendants, NCA, UNKNOWN AGENT OF NCA and NCA's agents, are liable to the Plaintiff for declaratory judgment that defendants' conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, costs and attorney fees.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendants for the following:

    D. Actual damages;

    E. Statutory damages; and

    F. Costs and reasonable attorney fees.

### *COUNT III - FLORIDA CONSUMER COLLECTION PRACTICES ACT*

68. Plaintiff repeats, realleges and incorporates by reference the foregoing Factual Allegations and allegations under prior Counts.

69. Plaintiff's debt to NCA is an obligation to pay money to NCA arising out of transactions in which money, property, insurance, or services obtained were primarily for personal, family, or household purposes.

70. Plaintiff is a natural person obligated or allegedly obligated to pay a debt to NCA.

71. CASHCALL offered or extended credit to Plaintiff creating a debt.

72. NCA is the successor creditor to the debt owed CASHCALL.

73. NCA, UNKNOWN AGENT OF NCA and NCA's agents, conveyed information regarding Plaintiff's debt directly to Plaintiff and indirectly to Plaintiff via Plaintiff's family and coworkers.

74. NCA, UNKNOWN AGENT OF NCA and NCA's agents used instrumentalities of commerce within Florida for the principal purpose of collection of Plaintiff's consumer debt.

75. NCA, UNKNOWN AGENT OF NCA and NCA's agents regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

76. NCA, UNKNOWN AGENT OF NCA and NCA's agents indicated that NCA, UNKNOWN AGENT OF NCA and NCA's agents were collecting or attempting to collect Plaintiff's debt to CASHCALL.

77. NCA, UNKNOWN AGENT OF NCA and NCA's agents are debt collectors or business entities engaged in the business of soliciting consumer debts for collection or of collecting consumer debts, and are not expressly exempted from the registration requirements of section 559.553(4), Florida Statutes.

78. NCA, UNKNOWN AGENT OF NCA and NCA's agents' business activities in this state involve both collecting and attempting to collect consumer debt from debtors located in this state by means of interstate communication originating from outside this state.

79. NCA, UNKNOWN AGENT OF NCA and NCA's agents' solicit consumer debt accounts for collection from creditors who have a business presence in this state.

80. NCA, UNKNOWN AGENT OF NCA and NCA's agents' engage in business in this state as a consumer collection agency or continue to do business in this state as a consumer collection agency.

81. NCA, UNKNOWN AGENT OF NCA and NCA's agents' have failed to register or maintain registration as a consumer collection agency in this State.

82. NCA, UNKNOWN AGENT OF NCA and NCA's agents' are subject to an administrative fine of up to $10,000 together with reasonable attorney fees and court costs for failure to register as out-of-state debt collectors.

83. NCA, based upon representations of UNKNOWN AGENT OF NCA and NCA's agents that they were trying to effect service of process, had assigned UNKNOWN AGENT OF NCA and NCA's agents the right to bill and collect Plaintiff's debt to NCA.

84. NCA, UNKNOWN AGENT OF NCA and NCA's agents failed or refused to provide Plaintiff written notice of such assignment from CASHCALL to NCA, at least 30 days before initiating any action to collect the debt.

85. NCA, through UNKNOWN AGENT OF NCA and NCA's agents, communicated and threatened to communicate with debtor's family and employer before obtaining final judgment against Plaintiff.

86. Plaintiff has never given his permission in writing to NCA, UNKNOWN AGENT OF NCA and NCA's agents to contact his employer or family or acknowledged in writing the existence of the debt after the debt was placed for collection.

87. NCA, UNKNOWN AGENT OF NCA and NCA's agents disclosed to Plaintiff's family and coworkers information affecting Plaintiff's reputation, with knowledge

or reason to know that his family and coworkers did not have a legitimate business need for the information.

88. Alternatively, NCA, UNKNOWN AGENT OF NCA and NCA's agents disclosed to Plaintiff's family and coworkers false information affecting the Plaintiff's reputation with knowledge or reason to know that the information was false.

89. NCA, UNKNOWN AGENT OF NCA and NCA's agents willfully communicated with Plaintiff with such frequency as could reasonably be expected to harass Plaintiff.

90. NCA, UNKNOWN AGENT OF NCA and NCA's agents willfully engaged in other conduct, described herein, which could reasonably be expected to abuse or harass Plaintiff.

91. NCA, UNKNOWN AGENT OF NCA and NCA's agents claimed, attempted, and threatened to enforce Plaintiff's debt to NCA by asserting that a lawsuit had been initiated and that service of legal process was pending when they knew that the right did not exist.

92. NCA, UNKNOWN AGENT OF NCA and NCA's agents used a communication that simulated legal or judicial process or that gave the appearance of being authorized, issued, or approved when it was not.

93. NCA, UNKNOWN AGENT OF NCA and NCA's agents refused to provide adequate identification of themselves when requested to do so by Plaintiff

94. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

95. As a result of the above violations of the FCCPA, Defendants are liable to the Plaintiff for actual damages, statutory damages, attorney fees and costs.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendants, NCA, UNKNOWN AGENT OF NCA and NCA's agents for the following:

    G. Actual damages;

    H. Statutory damages;

    I. Costs and reasonable attorney fees; and

    J. Such other and further relief as may be just and proper.

### *COUNT IV - COMMON LAW INVASION OF PRIVACY BY INTRUSION*

96. Plaintiff repeats, realleges and incorporates by reference the foregoing Factual Allegations and allegations under prior Counts.

97. Defendants', CASHCALL, NCA, UNKNOWN AGENT OF NCA and NCA's agents' aforementioned violations of the FDCPA and FCCPA also constitute an intentional intrusion into Plaintiff's private places and into private matters of Plaintiffs' life, conducted in a manner highly offensive to a reasonable person.

98. Plaintiff had a subjective expectation of privacy in the context of Defendants' invasions.

99. Plaintiff's expectation was objectively reasonable under the circumstances.

100.     CASHCALL and NCA were personally guilty of intentional misconduct or gross negligence in training and overseeing their respective Agents.

101.     NCA, UNKNOWN AGENT OF NCA and NCA's agents were personally guilty of intentional misconduct or gross negligence through their repeated calls and threats.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendants, CASHCALL, NCA, UNKNOWN AGENT OF NCA and NCA's agents for the following:

A. Actual Damages;

B. Punitive Damages;

C. Such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

## VERIFICATION

STATE OF FLORIDA
COUNTY OF POLK

BEFORE ME, the undersigned authority, personally appeared Geoffrey Creekmore, who, being first duly identified and sworn, deposes and says that this Verified Complaint is based on records and information available to her, and are true and correct to the best of her knowledge, information, and belief.

_____
Geoffrey Creekmore

5-28-14
Date

The foregoing instrument was acknowledged before me this 28 day of May, 2014, by Geoffrey Creekmore.



_____
Signature of Notary Public - State of Florida

Personally Known ✓ OR Produced Identification _____
Type of Identification Produced _____

Page **16** of **17**

Respectfully submitted this ___ day of June, 2014.

_____
Attorney for Plaintiff
Keith P. Merritt, Esquire
FL Bar No.: 0181961
Merritt Law Office, P.A.
P.O. Box 92412
Lakeland, FL 33805
(863) 683-3333
F: (863) 937-9333